# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL A. MATLOCK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-CV-645-JED-FHM** |
| | ) | |
| **JASON BRYANT, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Petitioner, a state inmate appearing *pro se*, commenced this action on November 30, 2017, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1). Before the Court is Respondent's motion to dismiss the petition for failure to exhaust state remedies (Doc. 6). Petitioner filed a response, urging this Court to deny the motion (Doc. 10). For the reasons discussed below, the Court grants Respondent's motion to dismiss and dismisses the habeas petition without prejudice.

## *BACKGROUND*

Petitioner challenges the validity of the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2010-1691. Doc. 1 at 2. In that case, the state district court convicted Petitioner, upon his guilty pleas, of two counts of lewd molestation, in violation of OKLA. STAT. tit. 21, § 1123, and one count of possessing, procuring, manufacturing, or distributing child pornography, in violation of OKLA. STAT. tit. 21, § 1021.2. Doc. 7-1. On June 2, 2011, the state district court imposed a twelve-year

prison sentence for each lewd molestation conviction and a two-year prison sentence for the child pornography conviction, with all sentences to be served consecutively. *Id.* Petitioner did not move to withdraw his guilty pleas within 10 days of sentencing nor did he pursue a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). *See* OKLA. STAT. tit. 22, § 1051; Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018).

On September 11, 2017, Petitioner filed a state petition for writ of habeas corpus in the District Court of Alfalfa County, seeking immediate release from custody. Doc. 7-2.[1] Petitioner alleged his convictions were void because the District Court of Tulsa County lacked subject matter jurisdiction over his prosecution given that he (1) is a member of the Cherokee Nation and (2) committed his crimes "within the bounds of the Muscogee (Creek) reservation." *Id.* For support, he cited *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. Aug. 8, 2017), *amended and superseded on denial of reh'g en banc by Murphy v. Royal*, 875 F.3d 896 (10th Cir. Nov. 9, 2017);[2] and *State v. Klindt*, 782 P.2d 401 (Okla. Crim. App. 1989). In *Klindt*, the Oklahoma Court of Criminal Appeals held that "the State of Oklahoma does not have jurisdiction over crimes committed by or against an Indian in Indian Country." 782 P.2d at 403. In *Murphy*, the United States Court of Appeals for the Tenth Circuit applied the three-part analysis developed in *Solem v. Bartlett*, 465 U.S. 463 (1984), to conclude that Congress has not disestablished the boundaries of the Muscogee

---

[1] Petitioner is incarcerated at the James Crabtree Correctional Facility, located in Helena, Oklahoma. Helena is located in Alfalfa County. Thus, Petitioner filed his state petition for writ of habeas corpus in the district of his confinement.

[2] Petitioner cited the original *Murphy* opinion, issued August 8, 2017, in his petition.

(Creek) reservation. 875 F.3d 932-66. By order filed October 16, 2017, in Case No. WH-2017-19, the state district court dismissed the petition. Doc. 7-3. In doing so, the court reasoned that the proper procedure for Petitioner to challenge the validity of his Tulsa County convictions would be to file an application for post-conviction relief in the District Court of Tulsa County. *Id.* at 1.

On November 1, 2017, Petitioner filed an application for a writ of habeas corpus in the Oklahoma Court of Criminal Appeals.[3] Doc. 7-4. Again, relying on *Klindt* and *Murphy*,[4] Petitioner alleged his Tulsa County convictions were void for lack of jurisdiction. *Id.* By order filed November 13, 2017, in Case No. HC-2017-1110, the OCCA denied his application. The OCCA stated,

> For a writ of habeas corpus, Petitioner must establish that his confinement is unlawful or that he is entitled to immediate release. Rule 10.6, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017); *Ekstrand v. State*, 1990 OK CR 21, 791 P.2d 92. Petitioner has not met this burden. Habeas corpus is not a substitute for a direct appeal. Challenges to the Judgment and Sentence must be made through post-conviction procedures and not an application for a writ of habeas corpus.

*Id.*

Petitioner filed the instant federal petition for writ of habeas corpus on November 30, 2017. Doc. 1. He seeks federal habeas relief on one ground:

> The Judgment and Sentence is void because the state district court did not

---

[3] Under Oklahoma law, "the Supreme Court, Court of Criminal Appeals, all other appellate courts and the District Courts have concurrent original jurisdiction to hear and determine habeas corpus." *State v. Powell*, 237 P.3d 779, 780 (Okla. 2010). Thus, Petitioner's application for a writ of habeas corpus in the OCCA was an original proceeding rather than an appeal from the state district court's order denying relief.

[4] Petitioner again cited the original *Murphy* opinion; the amended *Murphy* opinion was issued eight days after he filed his application in the OCCA.

have jurisdiction over the Petitioner, who is an Indian, for crime(s) which were alleged to have been committed in "Indian Country."

*Id.* at 3. As he did in state court, Petitioner alleges he is a member of the Cherokee Nation and he committed his crimes within the boundaries of the Muscogee (Creek) reservation. *Id.* at 4. Thus, he argues, federal courts had exclusive jurisdiction over his prosecution under the Major Crimes Act, 18 U.S.C. § 1153. *Id.* at 1; *see Murphy*, 875 F.3d 896 (10th Cir. 2017) (concluding Congress had not disestablished the 1866 boundaries of the Creek Reservation and therefore [the petitioner] should have been charged and tried in federal court under the Major Crimes Act), *cert. granted* 138 S. Ct. 2026 (2018).

In response to the petition, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies (Doc. 6) and a brief in support (Doc. 7). Petitioner filed a response (Doc. 10), urging this Court to deny the motion.

## *ANALYSIS*

Respondent contends Petitioner has not properly exhausted his federal habeas claim because he sought state habeas relief in his district of confinement and in the OCCA rather than seeking state post-conviction relief "in the district court where he pled guilty and was sentenced." Doc. 7 at 2-6. Because Petitioner still has an available remedy in state courts, Respondent argues, this Court must dismiss the petition based on Petitioner's failure to exhaust the sole claim asserted therein. *Id.* at 5-6.

Petitioner contends he properly exhausted his claim by seeking state habeas relief because he challenges the trial court's jurisdiction. Doc. 10 at 2-3. He further contends the OCCA ruled on the merits of his claim when it stated that he "has not met his burden"

to show that his confinement was unlawful and that he was entitled to immediate release. *Id.* Finally, he argues that because the OCCA ruled on the merits of his claim, he has no available state remedies left to exhaust. *Id.* at 3-4.

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017); *see also* 28 U.S.C. § 2254(b)(1). The AEDPA's exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Significantly, a state prisoner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In *Boerckel*, the Supreme Court explained that § 2254(c) does not require state prisoners to "invoke *any possible* avenue of state court review." *Id.* at 844 (emphasis in original). Nonetheless, the Supreme Court held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845; *see Castille v. Peoples*, 489 U.S. 346, 351 (1989) (explaining state prisoner does not properly exhaust state court remedies by presenting constitutional claim for "first and only time in a procedural context in which its merits will not be considered"). "[T]he exhaustion doctrine, in other words, turns on an inquiry into what procedures are 'available' under state law." *Boerckel*, 526 U.S. at 847.

Here, as Respondent points out, both the state district court and the OCCA advised Petitioner that filing a state habeas action was not the proper procedure for challenging the trial court's jurisdiction. Doc. 7 at 4-5. Both courts explained that Petitioner must instead seek post-conviction relief in the District Court of Tulsa County. *Id.* Thus, Respondent argues, Petitioner has an available state remedy that he must exhaust before he is entitled to seek habeas relief in federal court. *Id.*; *see Doshier v. Oklahoma*, 67 F. App'x 499, 500-01 (10th Cir. 2003) (unpublished)[5] (holding state prisoner's filing of state habeas petition was not sufficient to exhaust state remedies, particularly in light of OCCA's statement that prisoner could seek out-of-time appeal through state post-conviction procedures).

In response, Petitioner argues that he fairly presented his claim to the OCCA and obtained a ruling on the merits as evidenced by the OCCA's statement that he did not meet his burden to show that his confinement was unlawful. Doc. 10 at 1. He further argues that *Doshier*'s reasoning does not apply in this case because he is challenging the trial court's jurisdiction, an issue he asserts falls within the scope of the limited remedy available through a state habeas action. Doc. 10 at 2-3; *see Smith v. Oklahoma*, 546 P.2d 1351, 1354 (Okla. Crim. App. 1976) (stating that the OCCA "ha[s] consistently held that the scope of habeas corpus is limited to a determination of whether the trial court had jurisdiction of the person, subject matter, and authority under the law to pronounce the judgment and sentence imposed"). He also argues that, unlike the petitioner in *Doshier*, he has "not been invited by the OCCA to file an Appeal-Out-of-Time in the District Court."

---

[5] The Court cites this unpublished decision for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

*Id.* at 3.

Smith does tend to support Petitioner's position that he properly exhausted his claim. The OCCA explained in *Smith* "that the scope of habeas corpus is limited," in part, "to a determination of whether the trial court had jurisdiction of the person, subject matter, and authority under the law to pronounce the judgment and sentence imposed." 546 P.2d at 1354. And Petitioner's sole claim challenges the trial court's jurisdiction. Doc. 1 at 3. However, as Respondent argues, under Oklahoma law, the OCCA generally will not entertain an application for a writ of habeas corpus unless "the statutory appeal procedures enacted by the [state legislature] have first been exhausted." Rule 10.6(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). Rule 10.6(C)(1) specifically provides:

> The writ of habeas corpus has not been suspended or altered by the Post-Conviction Procedure Act so long as the statutory appeal procedures enacted by the Legislature have been first exhausted. The writ of habeas corpus is not an authorization to bypass the statutory appeal process.

In *Doshier*, the United States Court of Appeals for the Tenth Circuit Court applied *Castille* to determine that invoking state habeas relief in Oklahoma does not constitute "fair presentation" of a claim "sufficient to satisfy the exhaustion requirement" when the petitioner has state post-conviction remedies "available to him." *Doshier*, 67 F. App'x at 500. This Court recognizes that Petitioner presents a jurisdictional claim, whereas the petitioner in *Doshier* presented only non-jurisdictional claims. *See* Doc. 1 at 3; *Doshier*, 67 F. App'x at 500. The Court nevertheless finds *Doshier*'s rationale applicable and persuasive. As stated, the plain language of Rule 10.6(C)(1) expressly requires a criminal

defendant to exhaust his or her claims through the statutory appeal process before the OCCA will entertain a state habeas action. And the language of Rule 10.6(C)(1) neither suggests nor supports that the defendant may bypass the statutory appeal process if he or she asserts only a jurisdictional claim. Moreover, as Respondent points out, two state courts have explicitly advised Petitioner that he must pursue his jurisdictional claim by filing an application for post-conviction relief in state court—specifically, in the District Court of Tulsa County. Under these circumstances, it is clear that Petitioner has an available state remedy. Thus, the Court agrees with Respondent that Petitioner's sole habeas claim is unexhausted and that the petition should be dismissed without prejudice. *See Grant*, 886 F.3d at 891-92 (stating general rule that "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies" (quoting *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006))).

## *CONCLUSION*

Based on the foregoing, the Court finds Petitioner's sole habeas claim is unexhausted. The Court therefore grants Respondent's motion to dismiss and dismisses the petition for writ of habeas corpus without prejudice. In addition, the Court concludes that reasonable jurists would not debate that the instant habeas petition should be dismissed without prejudice for failure to exhaust the sole claim asserted therein. Thus, the Court also denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  Respondent's motion to dismiss (Doc. 6) is **granted**.

2.  The petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice** for failure to exhaust state remedies.

3.  A certificate of appealability is **denied**.

4.  A separate judgment shall be entered in this matter.

    ORDERED this 12th day of September, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE